UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

      v.                                                                                                                   Cr. No. 08-mj-340

**SETH GULLEY,**

      **Defendant.**

---

## DETENTION MEMORANDUM

After a hearing, I granted the government's motion that the defendant be detained pending trial and in this memorandum I explain the reasons why.

The defendant transmitted to a person who he did not realize was a police officer 14 pictures of child pornography. The nature of the crime charged creates a presumption in favor of his detention. 18 U.S.C. § 3142(e)(3) (West 2008). A consideration of the factors enumerated in the Bail Reform Act, 18 U.S.C. § 3142(g)(3), that are supposed to guide the determination of whether the defendant should be detained, clearly indicate to me that the defendant should be detained.

**The nature of the crime**. I have seen one of the photographs that the defendant sent, and by my estimate the child in the photograph who is engaging in a sex act is about 3 or 4 years old. The police found many more similar photographs in a search of the defendant's home.

Moreover, I have seen the transcription of several internet chats between the defendant and the police officer in which the defendant speaks in the most graphic terms of his desire to have sex with children. He recounts one effort he made to travel across

state lines to arrange an assignation with a child. He also indicated that when he got his truck driver's license he would travel to the District of Columbia to have sex with the 12 year old daughter of the police officer whom he thought was prostituting his daughter.

**The government's case**.  The government's case is overwhelming.  Indeed, the defendant gave a complete statement, implicating himself, to the police after he was apprehended.

**The defendant's roots in the community and prior criminal record**. The defendant lives with his father in a small town in Indiana; he has no criminal record.

**Conclusion.**  Defendant is a danger to the most vulnerable members of our society, its children.  The victimization takes two forms. First, people like the defendant create a market for the distribution of child pornography and the marketers must force or cajole the children into performing the sex acts. Second, in this case, the defendant has come too close to the line between fantasy and action, expressing a desire not merely to see more pornography but to engage in sex with children.  Indeed, he has already traveled for that purpose from his home in Indiana to another state to meet with another pedophile who was to arrange a future assignation with a child.  What little comfort I could take in his stable residence is overwhelmed by my fear that his sexual fantasies will lead to action against a defenseless child.

Furthermore, possible restrictions on his use of the computer in his home are cold comfort given the ubiquity of public access to computers in libraries and coffees shops. There is accordingly nothing to defeat the presumption in favor of his detention on the basis of his dangerousness and I must order it.

Dated: June 13, 2008                            /s/
                                    JOHN M. FACCIOLA
                                    UNITED STATES MAGISTRATE JUDGE